No. 2564

Second Circuit

---

**TAYLOR v. SNOW**

---

(May 22, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**
A finding of fact by the trial court will not be reversed unless manifestly erroneous.

1 La. Dig. verbo "Appeal."

Appeal from the Eleventh Judicial District Court, Parish of DeSoto. Hon. Hal A. Burgess, Judge.

Action by R. L. Taylor against Henry Snow.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Parsons and Colvin, of Mansfield, attorneys for plaintiff, appellant.

Lee and Williams, of Mansfield, attorneys for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit on a promissory note. Defendant denied liability and alleged that plaintiff induced him to sign the note as maker when in fact he was only an accommodation endorser and that he had received no consideration for the note. And he also alleged that by agreement between himself and plaintiff and Grant Sudds and James Sudds, the other endorsers thereon the first cotton raised by James Sudd in the year 1923 should go to pay the note and that plaintiff had received from James Sudd of the crop of 1923 more than enough cotton to pay the note and that the plaintiff had in fact paid the note with the proceeds of such cotton to the bank which was then the owner and holder thereof and instead of having the note marked paid had it transferred to him without recourse, and that the note was in fact and in law paid.

On these issues the case was tried and there was judgment for defendant and plaintiff appealed.

OPINION

The evidence makes it clear that plaintiff is a capable business man and defendant an illiterate negro without any business experience. Through three of his negro customers plaintiff induced defendant to sign as maker a promissory note on which plaintiff received the cash for

the benefit of one of plaintiff's customers, James Suddy.

Plaintiff's three customers, as witnesses for defendant, swore positively, in effect, that it was definitely agreed between plaintiff and defendant and the endorsers of the note sued on that the note should be paid out of the first cotton of the crop of 1925 raised by the endorser, James Suddy.

Plaintiff denied knowledge of such an agreement but there was introduced in evidence a document signed by plaintiff reading as follows:

"Mansfield, Louisiana. This certifies that I will allow Jim Sudds (as far as I am concerned) to pay a certain note signed by himself, Hy Snow, Grant Sudds, _____ Blow, out of the first cotton he makes in the year 1920 (3).    R. L. TAYLOR."

The evidence also shows· that plaintiff received from James Suddy out of the crop of 1923, of cotton raised by him, more than enough cotton to pay the note sued on and that plaintiff did pay the note to the bank that then owned and held it and had it transferred to him without recourse.

In our opinion the note was extinguished as between plaintiff and defendant when plaintiff paid the bank the amount owing on it and had it transferred to himself, and the fact that plaintiff made no effort to collect the amount from defendant until the filing of this suit, two years after the note was paid, indicates to us that he himself knew the note was extinguished as between himself and defendant.

The lower court, which heard the witnesses testify and observed their demeanor on the witness stand, was of the opinion that quo ad defendant the note was extinguished and after reading the evidence we are convinced that the judgment appealed from is correct and it is therefore affirmed.